UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

TAMMY ANN PECKENS-SCHMITT,                     Case No. DK 10-04164
                                               Hon. Scott W. Dales

                Debtor.
_____/

OPINION AND ORDER DENYING CONFIRMATION

PRESENT:    HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge

This matter is before the court on the Debtor's request for an order confirming her Chapter 13 plan (the "Plan," DN 2). The court held two hearings in Kalamazoo, Michigan to consider the proposed confirmation, including a hearing on June 15, 2010 (the "First Hearing") and July 14, 2010 (the "Second Hearing"). For the following reasons, the court will deny confirmation, without prejudice.

At the First Hearing, the court expressed concern about the proposed treatment of a supposed mortgage held by PNC Bank, N.A. ("PNC"). According to Debtor's counsel, the Debtor may have granted PNC (or its predecessor) a mortgage encumbering her residence, but PNC failed to perfect it. Debtor's counsel also reported that the Debtor has, on numerous occasions, attempted to address the issue with PNC but has had no meaningful response. Debtor's counsel has not seen a copy of the mortgage.

After reviewing a title report that reflects no PNC interest in the residence, the Debtor proposed a Plan that treats PNC as an unsecured creditor, in effect invalidating its supposed mortgage:

> Creditor PNC bank will be paid pro-rata with all other unsecured creditors as their mortgage, believed to be attached to Debtors residence, appears to have never been properly filed with the Allegan County Register of Deeds and therefore not a properly perfected lien.

*See* Plan at § V, pp. 13-14. At the conclusion of the First Hearing, the court urged Debtor's counsel to review the recent Supreme Court opinion of *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367 (2010), because the court was concerned that invalidating PNC's mortgage through the Plan is inconsistent with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, specifically Rule 7001.

Rule 7001 provides that a proceeding to determine the validity, priority or extent of a lien or other interest in property other than a proceeding under Rule 4003(d) is an "adversary proceeding" governed by the rules of Part VII. *See* Fed. R. Bankr. P. 7001(2). *Espinosa* held that Chapter 13 plans are binding on creditors with notice and an opportunity to object to the plan even if the plan contains provisions inconsistent with the Federal Rules of Bankruptcy Procedure. The *Espinosa* decision, however, is premised on the court's view of the effect of Rule 60, and whether the error that the bankruptcy court committed when it confirmed the plan could be corrected by a motion for relief from judgment. Under the circumstances of that case, the high court found that the principles of finality embodied in Rule 60 and 11 U.S.C. § 1327 precluded modification because the creditor had received constitutionally sufficient notice of the plan in time to object and, presumably, prevent the error in the first place.

The situation is different, however, where the court is aware of the defect in advance of confirmation. Indeed, in *Espinosa*, the Supreme Court clearly stated that 11 U.S.C. § 1325(a) "*requires* bankruptcy courts to address and correct a defect in a debtor's proposed plan even if no creditor raises the issue." *Espinosa*, 130 S. Ct. at 1381 (original emphasis).

In the present case, even after the Second Hearing, the Debtor is asking the court to ignore Rule 7001(2) and Congress's decision to require an adversary proceeding as a prerequisite to avoiding or invalidating liens or other interests in property, simply because it is expedient and because PNC has not objected or filed a proof of claim. The Trustee, for her part, joins in the request by recommending confirmation. The court, however, is unwilling to do so.

In reaching its decision in *Espinosa*, the Supreme Court was careful to note that it was not licensing bankruptcy courts to disregard the Federal Rules of Bankruptcy Procedure, but was instead enforcing Rule 60 and the public interest in finality of court judgments. The court does not believe that *Espinosa* authorizes the court to turn a blind eye to the procedural shortcut that the Debtor proposes in her Plan by extinguishing PNC's lien as unperfected without the procedural safeguards of an adversary proceeding. As the court noted at the First Hearing, insisting upon strict compliance with Rule 7001(2) at this time will likely avoid more complicated and expensive litigation years from now, perhaps after PNC or a more aggressive assignee attempts to gain advantage from the Debtor's procedural shortcut.

In short, the court is not satisfied that the Plan comports with the United States Bankruptcy Code and the Bankruptcy Rules and for that reason, the court is constrained to deny confirmation.

The court understands that confirming the Plan would be an expedient approach to the recalcitrance of PNC in response to the Debtor's various requests to resolve this issue. Nevertheless, expedience does not excuse compliance with the court rules, especially when the court calls to the attention of counsel possible violations of the rules. The hardship that the court's decision may visit upon the Debtor is relatively limited because the court will deny confirmation without prejudice to the Debtor's or Chapter 13 Trustee's filing of an adversary

proceeding in accordance with Rule 7001 against PNC to determine the validity, priority or extent of its purported lien.  Of course, outside of bankruptcy, the failure to record a mortgage does not absolve the mortgagor of her obligations to the mortgagee, though it may affect the rights of third parties.  For this reason, the Debtor may pursue avoidance against PNC, but only for the benefit of the estate and its creditors.  *See Countrywide Home Loans v. Dickson (In re Dickson)*, 427 B.R. 399 (6th Cir. BAP 2010) (Chapter 13 debtors have standing to pursue strong arm powers under 11 U.S.C. § 544, incident to plan and claims allowance duties).

NOW, THEREFORE, IT IS HEREBY ORDERED that confirmation of the Plan is DENIED, without prejudice to the rights of the Debtor or her Trustee to file an adversary proceeding consistent with this Opinion and Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon all parties on the matrix, the Debtor, Chapter 13 Trustee and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: July 16, 2010**